**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**FELIX LUNA**, on behalf of himself and all
others similarly situated,

                        Plaintiff,

    - against -

**RALPH LAUREN CORPORATION;**
**BHAMBI'S CUSTOM TAILORS, LTD;**
**HARRY OM, LLC d/b/a BHAMBI'S**
**CUSTOM TAILORS; H&L CUSTOM**
**TAILORS, LLC d/b/a/ BHAMBI CUSTOM**
**TAILORS; HARERAM SADHWANI,**
**(a.k.a. HARRY BHAMBI and HARRY**
**BHAMBI SADHWANI)**, an Individual; and
**LAL SADHWANI (a.k.a. LAL BHAMBI)**,
an Individual,

                      Defendants.

---

Civil Action No.

**CLASS AND COLLECTIVE ACTION**
**COMPLAINT**

---

      Plaintiff Felix Luna ("plaintiff" or "Luna") individually and on behalf of all others similarly situated, through his undersigned attorneys, for their Class and Collective Action Complaint against defendants Ralph Lauren Corporation; Bhambi's Custom Tailors, LTD; Harry Om, LLC d/b/a Bhambi's Custom Tailors; H&L Custom Tailors, LLC d/b/a Bhambi's Custom Tailors; Hareram Sadhwani (a.k.a. Harry Bhambi and Harry Bhambi Sadhwani); and Lal Sadhwani (a.k.a. Lal Bhambi) (all collectively the "defendants") alleges upon actual knowledge as to himself and, as to all other matters, alleges upon information and belief, as follows:

**NATURE OF ACTION**

      1.    Ralph Lauren maintains policies requiring its contractors to comply with all applicable laws including those regarding wages, overtime compensation, and legally mandated benefits. Indeed, it produced a 55-page Corporate Responsibility Report on the web that outlines

its devotion to "our planet, our people and our community," and demands transparency from its contractors. Yet in its flagship Madison Avenue men's store known as the Rhinelander Mansion, it has subcontracted its tailoring and alterations department in its basement to Bhambi's Custom Tailors which ignores state and federal wage and hour laws, provides its employees with no paid holidays, no paid sick days, and no paid vacation. Ralph Lauren specializes in window dressing and that is what its policies regarding its "legal and ethical standards" for its "business partners" appear to be.

2.    Bhambi's, in business for fifty years, is regarded by the New York men's clothing congnoscenti including celebrities such as Starbucks founder Howard Schultz, to be top-shelf for bespoke suits, shirts, and dress wear. Nonetheless, notwithstanding its success and reputation, Bhambi's has chosen to systematically and repeatedly flout federal and state wage and hour law. Namely, it had failed to pay overtime to its tailors who work at its store and at Ralph Lauren by violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law § 190 *et seq.* ("NYLL"). It has also violated the New York Wage Theft Prevention Act by failing to furnish its tailors with mandated notices regarding the terms of their employment and the required weekly paystub with each paycheck showing the regular hours worked, the overtime hours worked, and regular and overtime rates of pay. Plaintiff seeks damages on his own behalf and on behalf of the class, for overtime pay, liquidated damages, interest and attorneys' fees and costs for the prior six years as provided by statute.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1367, and the FLSA, 29 U.S.C. § 216(b).

2

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391, as the defendants reside in and/or conduct or conducted business in this district and because the events or omissions giving rise to the claim set forth herein occurred in New York County, New York.

5.      Plaintiff's state law claims are interposed in accordance with the Court's supplemental jurisdiction pursuant to 28 U.S.C.S. § 1367.

6.      The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff**

7.      Plaintiff Felix Luna is a resident of Passaic County, New Jersey.

8.      Plaintiff was employed by the defendants at Bhambi's Custom Tailors at 14 East 60th Street, Suite 610, New York, New York, 10022, as a tailor from in or about March 2007 to on or about December 4, 2018, during which for a portion of the time he was assigned to work at the Ralph Lauren store.

9.      At all relevant times, plaintiff and those similarly situated have been employees of Bhambi's Custom Tailors, LTD; Harry Om, LLC d/b/a Bhambi's Custom Tailors; H&L Custom Tailors, LLC d/b/a Bhambi's Custom Tailors; Hareram Sadhwani (a.k.a. Harry Bhambi and Harry Bhambi Sadhwani); and Lal Sadhwani (a.k.a. Lal Bhambi) within the meaning of the FLSA.

10.     At all relevant times, plaintiff and those similarly situated have been employees of Bhambi's Custom Tailors, LTD; Harry Om, LLC d/b/a Bhambi's Custom Tailors; H&L Custom Tailors, LLC d/b/a Bhambi's Custom Tailors; Hareram Sadhwani (a.k.a. Harry Bhambi and

Harry Bhambi Sadhwani); and Lal Sadhwani (a.k.a. Lal Bhambi) within the meaning of the NYLL.

11.     At all relevant times, plaintiff and those similarly situated have been jointly employed by Bhambi's Custom Tailors and Ralph Lauren Corporation within the meaning of the FLSA.

12.     At all relevant times, plaintiff and those similarly situated have been jointly employed by Bhambi's Custom Tailors and Ralph Lauren Corporation within the meaning of the NYLL.

13.     At all relevant times, plaintiff and those similarly situated have been employees engaged in commerce or the production of goods for commerce on behalf of Bhambi's Custom Tailors, LTD; Harry Om, LLC d/b/a Bhambi's Custom Tailors; H&L Custom Tailors, LLC d/b/a Bhambi's Custom Tailors; Hareram Sadhwani (a.k.a. Harry Bhambi and Harry Bhambi Sadhwani); and Lal Sadhwani (a.k.a. Lal Bhambi) within the meaning of the FLSA.

14.     At all relevant times, plaintiff and those similarly situated have been employees engaged in commerce or the production of goods for commerce on behalf of Ralph Lauren Corporation within the meaning of the FLSA.

15.     Plaintiff has consented to be a party to the FLSA claims in the action pursuant to 29 U.S.C. §216(b). His written consent is attached.

**<u>Ralph Lauren Corporation</u>**

16.     Ralph Lauren Corporation ("Ralph Lauren"), a Delaware corporation, has been at all relevant times a global apparel design, marketing, production, and distribution company, with a global headquarters and a principal place of business at 650 Madison Avenue, New York, New York, 10022.

17.     Ralph Lauren has been at all relevant times an employer within the meaning of the FLSA.

18.     Ralph Lauren has been at all relevant times an employer within the meaning of the NYLL.

19.     Ralph Lauren has employees engaged in commerce or in production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person within the meaning of the FLSA.

20.     Ralph Lauren has been at all relevant times an employer and enterprise engaged in interstate commerce and/or the production of goods for commerce with a gross revenue in excess of $500,000, within the meaning of the FLSA.

21.     Ralph Lauren is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

22.     Ralph Lauren has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person within the meaning of the FLSA.

23.     Ralph Lauren has an annual gross volume of sales in excess of $500,000.

24.     At all relevant times, Ralph Lauren has been a joint employer of plaintiff and all others similarly situated within the meaning of the FLSA.

25.     At all relevant times, Ralph Lauren has been a joint employer of plaintiff and all others similarly situated within the meaning of the NYLL.

**The Bhambi Entity Defendants Constitute a Single Employer**

**Bhambi's Custom Tailors, LTD**

26.     Bhambi's Custom Tailors, LTD, a New York corporation, has been at all relevant times a tailor in New York. Bhambi's Custom Tailors, LTD has its principal place of business at 14 East 60th Street, Suite 610, New York, New York, 10022.

27.     Bhambi's Custom Tailors, LTD does business as Bhambi's Custom Tailors, located at 14 East 60th Street, Suite 610, New York, New York, 10022.

28.     Bhambi's Custom Tailors, LTD has been at all relevant times an employer within the meaning of the FLSA.

29.     Bhambi's Custom Tailors, LTD has been at all relevant times an employer within the meaning of the NYLL.

30.     Bhambi's Custom Tailors, LTD has employees engaged in commerce or in production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person within the meaning of the FLSA.

31.     Bhambi's Custom Tailors, LTD has been at all relevant times an employer and enterprise engaged in interstate commerce and/or the production of goods for commerce with a gross revenue in excess of $500,000, within the meaning of the FLSA.

32.     At all relevant times, Bhambi's Custom Tailors, LTD has been an employer of plaintiff and all others similarly situated within the meaning of the FLSA.

33.     At all relevant times, Bhambi's Custom Tailors, LTD has been an employer of plaintiff and all others similarly situated within the meaning of the NYLL.

**Harry Om, LLC d/b/a Bhambi's Custom Tailors**

34.     Harry Om, LLC d/b/a Bhambi's Custom Tailors, a New York corporation, has been at all relevant times a tailor in New York. Harry Om, LLC d/b/a Bhambi's Custom Tailors has its principal place of business at 14 East 60th Street, Suite 610, New York, New York, 10022.

35.     Harry Om, LLC does business as Bhambi's Custom Tailors, located at 14 East 60th Street, Suite 610, New York, New York, 10022.

36.     Harry Om, LLC d/b/a Bhambi's Custom Tailors has been at all relevant times an employer within the meaning of the FLSA.

37.     Harry Om, LLC d/b/a Bhambi's Custom Tailors has been at all relevant times an employer within the meaning of the NYLL.

38.     Harry Om, LLC d/b/a Bhambi's Custom Tailors has employees engaged in commerce or in production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person within the meaning of the FLSA.

39.     Harry Om, LLC d/b/a Bhambi's Custom Tailors has been at all relevant times an employer and enterprise engaged in interstate commerce and/or the production of goods for commerce with a gross revenue in excess of $500,000, within the meaning of the FLSA.

40.     At all relevant times, Harry Om, LLC d/b/a Bhambi's Custom Tailors has been an employer of plaintiff and all others similarly situated within the meaning of the FLSA.

41.     At all relevant times, Harry Om, LLC d/b/a Bhambi's Custom Tailors has been an employer of plaintiff and all others similarly situated within the meaning of the NYLL.

**H&L Custom Tailors, LLC d/b/a Bhambi's Custom Tailors**

42.    H&L Custom Tailors, LLC d/b/a Bhambi's Custom Tailors, a New York corporation, has been at all relevant times a tailor in New York. H&L Custom Tailors, LLC d/b/a Bhambi's Custom Tailors has its principal place of business at 14 East 60th Street, Suite 610, New York, New York, 10022.

43.    H&L Custom Tailors, LLC does business as Bhambi's Custom Tailors, located at 14 East 60th Street, Suite 610, New York, New York, 10022.

44.    H&L Custom Tailors, LLC d/b/a Bhambi's Custom Tailors has been at all relevant times an employer within the meaning of the FLSA.

45.    H&L Custom Tailors, LLC d/b/a Bhambi's Custom Tailors has been at all relevant times an employer within the meaning of the NYLL.

46.    H&L Custom Tailors, LLC d/b/a Bhambi's Custom Tailors has employees engaged in commerce or in production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person within the meaning of the FLSA.

47.    H&L Custom Tailors, LLC d/b/a Bhambi's Custom Tailors has been at all relevant times an employer and enterprise engaged in interstate commerce and/or the production of goods for commerce with a gross revenue in excess of $500,000, within the meaning of the FLSA.

48.    At all relevant times, H&L Custom Tailors, LLC d/b/a Bhambi's Custom Tailors has been an employer of plaintiff and all others similarly situated within the meaning of the FLSA.

49.     At all relevant times, H&L Custom Tailors, LLC d/b/a Bhambi's Custom Tailors has been an employer of plaintiff and all others similarly situated within the meaning of the NYLL.

50.     Bhambi's Custom Tailors, LTD, Harry Om, LLC d/b/a Bhambis Custom Tailors, and H&L Custom Tailors, LLC d/b/a Bhambi Custom Tailors (the "Bhambi Entity Defendants") constitute a single employer within the meaning of the FLSA.

51.     Bhambi's Custom Tailors, LTD, Harry Om, LLC d/b/a Bhambis Custom Tailors, and H&L Custom Tailors, LLC d/b/a Bhambi Custom Tailors (the "Bhambi Entity Defendants") constitute a single employer within the meaning of the NYLL.

**Single Employer Allegations**

52.     The Bhambi Entity Defendants have common ownership, unified operation and/or control, and as a single tailoring business located at 14 East 60th Street, Suite 610, New York, New York, 10022, are related and have a common business purpose and constitute an enterprise within the meaning of the FLSA and NYLL.

53.     The Bhambi Entity Defendants constitute a single employer within the meaning of the FLSA and NYLL, because they have interrelation of operations, centralized control of labor relations, common management, and common ownership or financial control.

54.     With regard to interrelation of operations, the following facts support this allegation:

55.     The Bhambi Entity Defendants have the same employees, who work as tailors, at the same location, either at Bhambi or the Ralph Lauren store.

56.     The Bhambi Entity Defendants have common management, namely Hareram Sadhwani (a.k.a. Harry Bhambi and Harry Bhambi Sadhwani), and Lal Sadhwani (a.k.a. Lal Bhambi).

57.     The Bhambi Entity Defendants share the same wholesale suppliers, customers, and support office staff.

58.     With regard to centralized control of labor relations, the following facts support this allegation:

59.     The Bhambi Entity Defendants have common management, as stated above, who set the same terms and conditions of employment for their common employees.

60.     The Bhambi Entity Defendants have the same owners, Hareram Sadhwani (a.k.a. Harry Bhambi and Harry Bhambi Sadhwani) and/or Lal Sadhwani (a.k.a. Lal Bhambi), who are father and son.

61.     Lal Sadhwani and his son Hareram Sadhwani hold themselves out to the employees as the owners and top management of Bhambi's Custom Tailors. They are regularly at the shop, and manage the day-to-day operations. The employees who work at Bhambi's Custom Tailors know Lal Sadhwani and Hareram Sadhwani as the owners, and also know Lal Sadhwani as the company president, and Hareram Sadhwani as the company vice-president.

62.     Lal Sadhwani and Hareram Sadhwani hire, fire, discipline, set work schedules, assign work, determine employee pay, and maintain payroll records for employees at Bhambi's Custom Tailors.

63.     The Bhambi Entity Defendants use the same methods to pay employees at Bhambi's Custom Tailors. Namely, the Bhambi Entity Defendants pay each employee partially by check and partially in cash for each pay period.

64.     The Bhambi Entity Defendants paid plaintiff and similarly situated individuals by handing them a check and cash together each week, usually on a Friday and sometimes on a Saturday.

65.     With regard to common management, the following facts support this allegation:

66.     The Bhambi Entity Defendants have common management, namely father Lal Sadhwani and son Hareram Sadhwani who manage the day-to-day operation and overall business.

67.     With regard to common ownership and financial control, the following facts support this allegation:

68.     Father Lal Sadhwani and son Hareram Sadhwani work together as owners and managers of Bhambi's Custom Tailors.

69.     Father Lal Sadhwani is an owner of Bhambi's Custom Tailors.

70.     Son Hareram Sadhwani is an owner of Bhambi's Custom Tailors.

71.     Father Lal Sadhwani and son Hareram Sadhwani hold themselves out as owners of Bhambi's Custom Tailors.

72.     Hareram Sadhwani is registered with the State of New York as an agent for service of process for H&L Custom Tailors, LLC d/b/a Bhambi's Custom Tailors.

73.     Lal Sadhwani is registered with the State of New York as an agent for service of process for Harry Om, LLC d/b/a Bhambi's Custom Tailors.

74.     The Bhambi Entity Defendants, Hareram Sadhwani, and Lal Sadhwani are collectively referred to hereinafter as "Bhambi."

**Ralph Lauren and Bhambi are Joint Employers of Plaintiff and all Others Similarly Situated**

75.    At all relevant times, and as a matter of economic reality, Ralph Lauren and Bhambi were employers and/or joint employers of plaintiff and similarly situated employees within the meaning of the FLSA and NYLL.

76.    Facts that demonstrate that Ralph Lauren and Bhambi were plaintiff' employers include those set forth in paragraphs 77 through 95.

77.    Ralph Lauren engaged Bhambi to provide tailors to work at its store beginning in about 2016.

78.    Ralph Lauren contracted with Bhambi for the Bhambi to supply employees to work as tailors at the Ralph Lauren retail store located at 867 Madison Avenue, New York, New York (hereinafter the "Ralph Lauren Store").

79.    The job of the Bhambi tailors at the Ralph Lauren store was to perform tailoring and make alterations on garments Ralph Lauren sold to its retail customers at its store. This included work on men's, women's, and children's garments.

80.    In addition to providing employees to work at the Ralph Lauren Store, Bhambi performed tailoring, alterations, and garment construction work for the Ralph Lauren store and other Ralph Lauren locations at the Bhambi store.

81.    Ralph Lauren and Bhambi suffered or permitted plaintiff and similarly situated employees to work.

82.    Ralph Lauren and Bhambi acted directly or indirectly in the interest of one another in relation to plaintiff and similarly situated employees.

83.    Ralph Lauren and Bhambi simultaneously benefitted from plaintiff's and similarly situated employees' work.

84.    Plaintiff and similarly situated employees performed work integral to Ralph Lauren's and Bhambi's operations.

85.    Ralph Lauren and Bhambi each had either functional and/or formal control over terms and conditions of work, and the day-to-day work duties of plaintiff and similarly situated employees.

86.    Ralph Lauren's retail clothing business at the Ralph Lauren Store depended on the tailors supplied to work at its store by Bhambi.

87.    Before subcontracting its tailoring work at its store to Bhambi, Ralph Lauren had its own employees on its payroll perform that work.

88.    Ralph Lauren's premises and equipment were used for plaintiff and similarly situated individuals' work.

89.    Ralph Lauren maintained control over all significant aspects of the tailoring operation at the Ralph Lauren Store.

90.    Ralph Lauren had one or more of its employees direct the tailoring and alterations work performed by Bhambi employees at the Ralph Lauren Store.

91.    The Bhambi employees who worked at the Ralph Lauren store worked in the basement of the store under the overall supervision and direction of the Ralph Lauren personnel.

92.    Other than its retail clients, Bhambi served a single client, Ralph Lauren, by providing plaintiff and similarly situated individuals to do tailoring work for the Ralph Lauren Store.

93.     Bhambi shifted plaintiff and similarly situated individuals as a unit to work for Ralph Lauren.

94.     A substantial percentage of the garments sold at the Ralph Lauren Store require tailoring and alterations.

95.     If Bhambi did not supply tailors to work at the Ralph Lauren Store, Ralph Lauren would have to either hire its own tailors to perform that function or obtain employees from another contractor.

**Defendants Hareram Sadhwani (a.k.a. Harry Bhambi and Harry Bhambi Sadhwani), and Lal Sadhwani (a.k.a. Lal Bhambi) are Individually Liable as Employers**

96.     Defendant Hareram Sadhwani is an individual engaging in business in this district during the relevant period.  Hareram Sadhwani is sued individually in his capacity as an owner, officer and/or agent of Bhambi.

97.     At all relevant times, Hareram Sadhwani has acted in the interest of Bhambi in relation to plaintiff and those similarly situated.

98.     At all relevant times, Hareram Sadhwani possesses or possessed operational control and policy making authority, and/or control of significant functions of Bhambi.

99.     At all relevant times, Hareram Sadhwani had an ownership interest in Bhambi.

100.    At all relevant times, Hareram Sadhwani has authority to and does hire and fire employees, supervise and control employee work schedules, control conditions of employment, determine rate and method of payment, maintain employment records, define job duties, set hours of operations, and control labor relations, personnel policies and practices.

101.    At all relevant times, Hareram Sadhwani had the authority to decide whether or not to pay plaintiff and those similarly situated overtime pay and chose not to do so.

14

102.    At all relevant times, Hareram Sadhwani also uses or has used the name Harry Bhambi and Harry Bhambi Sadhwani.

103.    Hareram Sadhwani is personally and jointly and severally liable for the violations of the FLSA by Bhambi.

104.    Hareram Sadhwani is personally and jointly and severally liable for the violations of the NYLL by Bhambi.

105.    Defendant Lal Sadhwani is an individual engaging in business in this district during the relevant period.  Lal Sadhwani is sued individually in his capacity as an owner, officer and/or agent of Bhambi.

106.    At all relevant times, Lal Sadhwani has acted in the interest of Bhambi in relation to plaintiff and those similarly situated.

107.    At all relevant times, Lal Sadhwani possesses or possessed operational control and policy making authority, and/or control of significant functions of Bhambi.

108.    At all relevant times, Lal Sadhwani had an ownership interest in Bhambi.

109.    At all relevant times, Lal Sadhwani has authority to and does hire and fire employees, supervise and control employee work schedules, control conditions of employment, determine rate and method of payment, maintain employment records, define job duties, set hours of operations, and control labor relations, personnel policies and practices.

110.    At all relevant times, Lal Sadhwani had the authority to decide whether or not to pay plaintiff and those similarly situated overtime pay and chose not to do so.

111.    At all relevant times, Lal Sadhwani also uses or has used the name Lal Bhambi.

112.    Lal Sadhwani is personally and jointly and severally liable for the violations of the FLSA by Bhambi.

113.    Lal Sadhwani is personally and jointly and severally liable for the violations of the NYLL by Bhambi.

## COLLECTIVE ACTION ALLEGATIONS

114.    Plaintiff brings the First Claim as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of himself and other similarly situated people, which shall include:

> All employees who work or worked as non-exempt, non-supervisory tailors for the defendants Ralph Lauren Corporation; Bhambi's Custom Tailors, LTD; Harry Om, LLC d/b/a Bhambi's Custom Tailors; H&L Custom Tailors, LLC d/b/a Bhambi's Custom Tailors; Hareram Sadhwani (a.k.a. Harry Bhambi and Harry Bhambi Sadhwani); and Lal Sadhwani (a.k.a. Lal Bhambi) at Bhambi's Custom Tailors or Ralph Lauren in New York, New York at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

115.    Defendants are liable under the FLSA for, *inter alia*, failing to pay plaintiff and similarly situated employees overtime pay for time worked in excess of 40 hours in a workweek.

116.    There are likely over 40 similarly situated current and former employees of the defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the defendants, are readily identifiable, and can be located through defendants' records that they are required to create and maintain under applicable federal and state law. Notice should be sent to the FSLA Collective pursuant to 29 U.S.C. § 216(b).

117.    As part of their regular business practice, defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a common pattern, practice, and/or policy of violating the FLSA, which has caused significant damage to the FLSA Collective.

118.    This policy, pattern, or practice includes, *inter alia*, failing to pay overtime at the rate of one-and-one-half times the FLSA Collective's regular hourly rate for hours worked in excess of 40 in a workweek.

119.    The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants and are readily identifiable and can be located through defendants' records, which they are required to maintain pursuant to the FLSA and the NYLL. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

120.    Defendants' violations of the FLSA described above have been willful and, therefore, a three-year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

## CLASS ACTION ALLEGATIONS

121.    Plaintiff brings the Second Claim as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class, consisting of:

> All employees who work or worked as non-exempt, non-supervisory tailors for the defendants Ralph Lauren Corporation; Bhambi's Custom Tailors, LTD; Harry Om, LLC d/b/a Bhambi's Custom Tailors; H&L Custom Tailors, LLC d/b/a Bhambi's Custom Tailors; Hareram Sadhwani (a.k.a. Harry Bhambi and Harry Bhambi Sadhwani); and Lal Sadhwani (a.k.a. Lal Bhambi) at Bhambi's Custom Tailors or Ralph Lauren in New York, New York at any time six years prior to the filing of this action through the entry of judgment in this action (the "Rule 23 Class").

122.    The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable. The exact number of the Rule 23 Class members is unknown to plaintiff at this time but there are believed to be over 40 such persons. The identity of the Rule 23 Class

members is known to the defendants and is contained in the employment records that the defendants are required to create and maintain as a matter of state and federal law.

123.    Plaintiff's claims are typical of the claims of the other members of the New York Rule 23 Class as plaintiff and all other members of the Rule 23 Class sustained damages arising out of defendants' conduct in violation of the New York law complained of herein. The Rule 23 Class members work, or have worked, for the defendants as supermarket workers and were not paid overtime wages due by the defendants. They have sustained similar types of damages as a result of defendants' failure to comply with the NYLL.

124.    Plaintiff will fairly and adequately protect the interests of the members of the Rule 23 Class and has retained counsel competent and experienced in complex class action litigation.

125.    Plaintiff has no interests that are contrary to or in conflict with those of the other members of the Rule 23 Class.

126.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

127.    Common questions of law and fact exist as to all members of the Rule 23 Class and predominate over any questions affecting solely individual members. Among the questions of law and fact common to the Rule 23 Class are:

     a. Whether the NYLL and the supporting regulations were violated by defendants' acts as alleged herein;

     b. Whether defendants failed to pay overtime wages to plaintiff and other Rule 23 Class members for time worked in excess of 40 hours in a workweek, as required by the NYLL; and

c.  Whether defendants failed to furnish notices as required by the NYLL to plaintiff and other Rule 23 Class members;

d.  Whether defendants failed to furnish wage statements as required by the NYLL to plaintiff and other Rule 23 Class members;

e.  Whether plaintiff and the Rule 23 Class have sustained damages and, if so, the proper measure of such damages.

128.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate relief with respect to the Rule 23 Class as a whole.

129.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual Rule 23 Class members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for plaintiff and Rule 23 Class members to individually seek redress for the wrongful conduct alleged. Individual class members lack the financial resources to conduct a thorough examination of defendants' compensation practices to prosecute vigorously a lawsuit against the defendants to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

**FACTUAL ALLEGATIONS**

130.    Plaintiff was employed by defendants from in or about March 2007 to on or about December 4, 2018, as a non-exempt, non-supervisory, hourly-paid tailor at Bhambi.

131.    At all relevant times, the FLSA Collective and the Rule 23 Class were or are employed by defendants as tailors. Their duties included construction of garments and alterations.

132.    The FLSA Collective and the Rule 23 Class did not have the authority to hire, fire, or discipline other employees, nor did they do so.

133.    Each day, plaintiff, the FLSA Collective, and the Rule 23 Class punched in on a time clock at the Bhambi store when they began work and punched out on a time clock when they ended work. They also punched in and out for lunch.

134.    At Ralph Lauren, the Bhambi employees signed in at the start of the workday and out at the end of the workday on a time sheet.

135.    Bhambi required plaintiff and similarly situated individuals to work a schedule of 6 or 7 days per week.

136.    At all relevant times, plaintiff, the FLSA Collective, and the Rule 23 Class worked in excess of 40 hours per week for Bhambi.

137.    At all relevant times, plaintiff, the FLSA Collective, and the Rule 23 Class worked in excess of 40 hours per week for Ralph Lauren.

138.    When he worked at Bhambi, plaintiff generally worked Monday through Friday from 7 a.m. to 7 p.m., and Saturday 8:00 a.m. to 5:00 p.m., with one unpaid 30-minute lunch break and no other breaks, for a total of 56 hours of work per week.

139.    When plaintiff worked at the Bhambi location, plaintiff's co-workers generally worked the same schedule. Some workers in addition to this schedule also worked a seventh day, on Sunday. At one time, plaintiff also worked a seventh day, on Sunday but stopped doing so.

140.    When he worked at the Ralph Lauren Store, plaintiff generally worked Monday through Friday from 9:30 a.m. to 6:30 p.m. with a half-hour unpaid lunch break, and on Saturday from 9:30 a.m. to 5:30 p.m. with a half-hour lunch break, for a total of 49.5 hours per week. Some workers worked on Sundays at the Ralph Lauren Store.

141.    At the Ralph Lauren Store, plaintiff's co-workers generally worked the same schedule.

142.    At all relevant times, whether they worked at Bhambi or Ralph Lauren, plaintiff, the FLSA Collective, and the Rule 23 Class were paid straight time for all hours worked, and were not paid time-and-a-half overtime pay for hours in excess of 40 worked in a week, as required by the FLSA and NYLL.

143.    Plaintiff, the FLSA Collective, and the Rule 23 Class were paid an hourly rate for all hours they worked per week for 40 hours a week by check and hours over 40 at the same hourly rate by cash.

144.    Plaintiff, the FLSA Collective, and the Rule 23 Class were paid an annual bonus in cash by the Bhambi, usually in December.

145.    At all relevant times, plaintiff, the FLSA Collective, and the Rule 23 Class were and are nonexempt employees who were and are entitled to overtime pay under the FLSA and NYLL.

146.    Defendants failed to pay plaintiff, the FLSA Collective, and the Rule 23 Class overtime pay at one-and-one-half times their hourly rate for hours worked in excess of 40 per workweek.

147.    Because defendants did not pay plaintiff, the FLSA Collective, and the Rule 23 Class overtime pay at one-and-one-half times their hourly rate for hours worked in excess of 40 per workweek, defendants did not provide them with all compensation owed to them.

148.    Bhambi failed to pay plaintiff legally mandated federal and New York overtime pay for each and every weekly pay period he worked for Bhambi beginning in or about March 2007 to his last day of work on or about December 4, 2018. Ralph Lauren failed to pay plaintiff

legally mandated federal and New York overtime pay for each and every weekly pay period he worked for Ralph Lauren beginning in or about 2016 to his last day of work on or about December 4, 2018. For example, in 2013, these weekly pay periods include pay periods ending April 19, July 26, and October 4. In 2014, these weekly pay periods include pay periods ending January 17, May 23, and September 5. In 2015, these weekly pay periods include pay periods ending January 23, February 6, and March 27. In 2016, these weekly pay periods include pay periods ending January 1, April 22, and May 6. In 2017, these weekly pay periods include pay periods ending on June 9, August 18, and November 17. In 2018, these weekly pay periods include pay periods ending on January 12, October 26, and November 30.

149.    In each of the identified pay periods above, plaintiff worked in excess of 40 hours per workweek.

150.    Defendants did not provide plaintiff and the Rule 23 Class, at any time, with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

151.    Defendants did not provide plaintiff and the Rule 23 Class with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

152.    Defendants did not provide plaintiff and the Rule 23 Class with paid holidays.

153.    Defendants did not provide plaintiff and the Rule 23 Class with paid sick days.

154.    Defendants did not provide plaintiff and the Rule 23 Class with paid vacation days.

155.    Defendants' unlawful conduct has been widespread, repeated and consistent.

156.    Defendants' conduct was willful, in bad faith, and has caused significant damages to plaintiff and the FLSA Collective and Rule 23 Class.

**FIRST CLAIM FOR RELIEF**
**Fair Labor Standards Act**
**Unpaid Overtime Wages**

157.    Plaintiff and the FLSA Collective repeat and reallege all foregoing paragraphs as if fully set forth herein.

158.    Defendants are employers within the meaning of the FLSA.

159.    At all relevant times, plaintiff and the FLSA Collective were employed by defendants within the meaning of the FLSA.

160.    Defendants are required to pay plaintiff and the FLSA Collective one-and-one-half (1½) times their regular rates of pay for all hours that they worked in excess of 40 in a workweek pursuant to the overtime wage provisions of the FLSA, 29 U.S.C. § 207 *et seq*.

161.    Defendants failed to pay plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA, even though plaintiff and the FLSA Collective have regularly worked more than 40 hours per workweek.

162.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff and the FLSA Collective.

163.    Defendants' violations of the FLSA have been willful and, therefore, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

164.    As a result of defendants' willful violations of the FLSA, plaintiff and the FLSA Collective have suffered damages by being denied overtime pay in accordance with the FLSA and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**New York Labor Law**
**Unpaid Overtime Wages**

165.    Plaintiff and the Rule 23 Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

166.    Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff and the Rule 23 Class one and one-half (1½) times their regular rates of pay for all hours they worked in excess of 40 hours in a workweek.

167.    Plaintiff and the Rule 23 Class regularly worked more than 40 hours per week.

168.    Defendants failed to pay Plaintiff and the Rule 23 Class members the overtime wages to which they were entitled under the NYLL.

169.    Defendants' violation of the wage payment requirements of the NYLL was part of their regular business practice and constituted a pattern, practice, and/or policy.

170.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NYLL with respect to the compensation of plaintiff and the Rule 23 Class.

171.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff and the Rule 23 Class members overtime wages.

172.    As a result of defendants' willful violations of the NYLL, plaintiff and the Rule 23 Class have suffered damages by being denied overtime pay in accordance with the NYLL and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, and other compensation.

### THIRD CLAIM FOR RELIEF
### New York Labor Law
### Manufacturer/Contractor Liability

173.    Plaintiff and the Rule 23 Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

174.    Ralph Lauren is a manufacturer within the meaning of NYLL §340(d) and §345-a.

175.    Ralph Lauren is registered with the New York State Apparel Industry Task Force as a "Manufacturer" within the meaning of NYLL §340, §341, and §345-a.

176.    Bhambi was required pursuant to NYLL §341 to register with the New York State Apparel Industry Task Force and/or New York State Commissioner of Labor as a manufacturer or contractor.

177.    At all relevant times, Bhambi failed to register pursuant to NYLL §341.

178.    Bhambi failed to post an "official department registration certificate" where it may be read by employees during the workday pursuant to NYLL §341-2.

179.    Bhambi is a manufacturer or contractor within the meaning of NYLL § 340(e) and § 345-a.

180.    Ralph Lauren contracted or subcontracted with the Bhambi for the performance of an "apparel industry service" within the meaning of NYLL § 340(c) and § 345-a(1).

181.    Plaintiff and the Rule 23 Class are "production employees" within the meaning of §345(f).

182.    Ralph Lauren knew or should have known with the exercise of reasonable care or diligence of the Bhambi's failure to comply with Article Six of the New York Labor Law (NYLL §§ 190 – 199d) in the performance of such services.

183.    Ralph Lauren failed to obtain a §345-10(b) written assurance as part of Ralph Lauren's vendor approval process or otherwise that Bhambi's production work for Ralph Lauren was in compliance with Article 12-A or all applicable laws.

184.    Ralph Lauren therefore violated NYLL §345-a and is liable for the Bhambi's failure to comply with Article Six of the New York Labor Law (NYLL §§ 190 – 199d) in the performance of apparel industry services within the meaning of NYLL § 340(c). Accordingly, Ralph Lauren is liable for any wages not paid by Bhambi to plaintiff and the Rule 23 Class in connection with the services Bhambi provided to Ralph Lauren.

### FOURTH CLAIM FOR RELIEF
### New York Labor Law – Wage Theft Prevention Act
### Violation of Notice Requirements

185.    Plaintiff and the Rule 23 Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

186.    Defendants violated NYLL § 195(1) by failing to furnish plaintiff and the other non-exempt employees, at the time of hiring, with a notice in English and in the language

identified by each employee as the primary language of such employee, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

187.    Due to defendants' violation of NYLL § 195(1), plaintiff and the Rule 23 Class are entitled to recover from defendants liquidated damages of $50.00 per work day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**FIFTH CLAIM FOR RELIEF**
**New York Labor Law – Wage Theft Prevention Act**
**Violation of Wage Statement Requirements**

188.    Plaintiff and the Rule 23 Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

189.    Defendants violated NYLL § 195(3) by failing to furnish plaintiff and the other non-exempt employees with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime

hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

190.    Due to defendants' violation of NYLL § 195(3), plaintiff and the Rule 23 Class are entitled to recover from the defendants liquidated damages of $250 per work day that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, the FLSA Collective and the Rule 23 Class pray for the following relief:

A.    An order certifying the case as a collective action for the violations of the FLSA, as it pertains to the First Claim under the FLSA, 29 U.S.C. §216(b) for the employees described herein and designating plaintiff's counsel as counsel for the FLSA Collective;

B.    Designation of the named plaintiff as representative of the FLSA Collective;

C.    An order certifying the case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure as it pertains to the Second Claim for the class of employees described herein, certifying plaintiff as the class representative and designating plaintiff's counsel as Class counsel;

D.    Judgment for plaintiff and the FLSA Collective Action members for all statutory, compensatory, and liquidated damages, or any other damages authorized by law or equity, sustained as a result of defendants' unlawful conduct, as well as pre-judgment and post-judgment interest;

E.      Judgment for plaintiff and the Rule 23 Class members for all statutory and compensatory damages, or any other damages authorized by law or equity, sustained as a result of defendants' unlawful conduct, as well as pre-judgment and post-judgment interest;

F.      A declaratory judgment for plaintiff and the Rule 23 Class that Ralph Lauren violated NYLL § 340, *et seq.*;

G.      A declaratory judgment for plaintiff and the Rule 23 Class that Ralph Lauren violated NYLL §345-a, and is therefore liable for violations of the NYLL § 190 *et seq.* by the Bhambi;

H.      Judgment for plaintiff, the FLSA Collective and Rule 23 Class for liquidated damages as a result of defendants' failure to furnish wage statements with wage payment and a notice at the time of hiring pursuant to the NYLL;

I.      An award to plaintiff and the FLSA Collective and Rule 23 Class for their reasonable attorneys' fees, costs, including expert fees, and expenses as authorized by law;

J.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and under appropriate state law; and

K.      Any and all other relief which the Court deems appropriate under the circumstances.

/s/Mitchell Schley
_____

Mitchell Schley
Law Offices of Mitchell Schley, LLC
mschley@schleylaw.com
245 Park Avenue, 39th Floor
New York, NY 10167
Telephone:  212-672-1848
mschley@schleylaw.com

Dated: March 6, 2019